[No. 9681.   Department Two.   October 24, 1911.]

J. H. EASTERDAY, *Respondent*, v. LEWIS W. CENTER, *Appellant*.[1]

JUDGMENT — ENTRY — VACATION — SCOPE OF ORDER — NEW TRIAL. Where, after trial, findings and judgment were entered without notice to the opposite party, an order denying a motion for a new trial on all grounds except as to the irregularity for want of notice, and vacating the judgment for the purpose of allowing proposed findings to be made and exceptions taken, is not an order granting a new trial; and upon further proceedings for entry of judgment, it is not error to refuse a further trial on new evidence.

Appeal from a judgment of the superior court for Pierce county, Clifford, J., entered November 19, 1910, upon findings in favor of the plaintiff, after a hearing before the court without a jury, in an action of ejectment.   Affirmed.

[1]Reported in 118 Pac. 327.

*A. H. Garretson* and *Jesse Thomas*, for appellant.

*Gordon, Easterday & Askren*, for respondent.

ELLIS, J.—This is an action in ejectment. A jury having been waived, it was tried before Honorable J. A. Shackleford, one of the judges of the superior court for Pierce county, and on July 7, 1910, a decision in favor of the respondent, plaintiff below, was filed. On August 4, 1910, without notice to the appellant, defendant below, findings, conclusions and judgment were presented, signed, filed and entered. On August 5, copies were served upon the appellant, and he at once served and filed a motion to vacate the judgment and for a new trial, upon grounds as follows: (1) Irregularity in the proceedings of the court and of the adverse party; (2) insufficiency of the evidence; (3) error in law, and other grounds. Accompanying the motion was an affidavit of appellant's attorney setting up the fact that the findings, conclusions and judgment were signed, filed and entered without notice. Before the motion for a new trial could be heard, Judge Shackleford resigned, and on October 27, 1910, the motion was brought on for hearing before Honorable M. L. Clifford, another judge of the court. He denied the motion on all other grounds, but vacated the judgment upon the sole ground of lack of notice. The order, omitting the caption, is as follows:

"The motion of defendant to vacate the judgment entered herein on August 4th, 1910, and for a new trial of the cause, came on regularly to be heard before the Honorable M. L. Clifford, now presiding in department 2 of said court, the Honorable J. A. Shackleford, who tried the cause, having resigned since the entry of said judgment, the plaintiff and defendant appearing by their respective counsel; and the court having duly considered the matter, denies all the grounds set up in said motion except the irregularity of the plaintiff in failing to give any notice of the time and place he would apply to the court to make its findings and conclusions, or to serve copies thereof upon defendant prior to such application, and no emergency was shown to exist, contrary to the rules

and practice of the court, and said motion is hereby granted upon the latter ground, and defendant may propose findings and conclusions for the court's consideration.

"Done in open court this 27th day of October, 1910.

"M. L. Clifford, Judge."

The appellant took no exception to this order. On November 12, the appellant presented proposed findings, and requested the court to reconsider the case upon the stenographer's report of the evidence taken at the trial before Judge Shackleford, and also asked leave to introduce additional evidence as to the value of the land without the improvements. The respondent objected to the additional proof on the ground that there was no basis for it in the pleadings. The court declined to receive further evidence, and appellant then asked leave to amend his answer so as to render evidence of improvements, taxes, and the value of the land without the improvements admissible. The court denied the application to amend. The appellant moved the court to set the cause for trial at some future date, which motion was also denied. The respondent then consented that the counterclaim for taxes paid by the appellant be allowed. The court refused the appellant's proposed findings, and on November 19, 1910, the respondent presented findings and conclusions, which it seems to be admitted are the same as those originally made by Judge Shackleford. The court thereupon adopted these findings and conclusions and entered judgment thereon. To all of these rulings and proceedings, save the above quoted order, seasonable exceptions were taken by the appellant. From the judgment then entered, this appeal is prosecuted.

Error is predicated upon the refusal of the court to receive further evidence on November 12, 1910; upon the refusal of the court to set the case for trial at some future day; upon the adoption by the court of the findings without considering or receiving evidence; and upon the denial of appellant's request to amend his answer. From these assignments

of error it is apparent that the appellant has proceeded upon
the mistaken assumption that the order of October 27th was
the granting of a new trial.  We cannot so construe it.  It
is manifest from the order itself that its whole purpose was
to permit the appellant to perfect the record by proposing
findings and conclusions and to take proper exceptions to
those made; in short, solely to obviate the failure of notice.
If the court committed any error, it was in the making of
this restricted order.  No error is predicated thereon, and in
view of this we must presume that the trial court fully con-
sidered the evidence in his hearing of the motion for a new
trial and properly found that all the grounds, save failure of
notice, were without merit.  Moreover, no argument is now
advanced to show that the judgment was wrong, that the
findings were unsupported by the evidence, or that they were
insufficient to sustain the judgment as entered.  No reason
is offered tending to show that other or different findings
should have been made.  No sufficient ground for disturbing
the judgment being adduced, it is affirmed.

DUNBAR, C. J., MORRIS, CHADWICK, and CROW, JJ., con-
cur.